IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MICHAEL WEAVER                                                                      PETITIONER

VS.                                                                       NO. 1:04CV174-WAP-JAD

CHRISTOPHER EPPS, et al.                                                          RESPONDENTS

REPORT AND RECOMMENDATION

The undersigned has reviewed the pleadings and record herein. For the reasons stated below, the undersigned recommends that the petition for habeas corpus be dismissed with prejudice.

Michael Weaver pled guilty to a charge of house burglary in the Circuit Court of Chickasaw County on December 17, 1997. He was sentenced in accordance with a plea agreement to twenty years, with 15 years suspended plus a 15 year banishment from an area within a 100 mile radius of Houston, Mississippi. He subsequently filed a petition for post-conviction relief asserting that the banishment provision was illegal. While the trial court rebuffed this effort, the Mississippi Court of Appeals agreed that the period of banishment could not exceed Mississippi's five year maximum probationary period. The appeals court also found that under Mississippi law, banishment was appropriate if it served, "the ends of justice, the best interest of the defendant and the public." *Weaver v State*, 764 So. 2d 479, ¶ 7 (Ms Ct. App. 2000). The court of appeals found the sentence ambiguous regarding whether or not the trial court intended to impose a probationary period. For that reason and because the record was silent on any benefit served by the banishment, the case was reversed and remanded to the trial court.

On remand the trial court vacated the banishment provision and substituted a period of five years supervised probation. Weaver again appealed arguing that the supervised probation sentence

was more onerous than the original provision and that he was being punished twice for the same crime in violation of the Double Jeopardy Clause of the Constitution of the United States. The Mississippi Court of Appeals held that under Mississippi law the judge on remand acted within the law and the court's mandate in setting aside the banishment provision and substituting the supervised probation. The court also concluded that the Double Jeopardy Clause was not offended by the change, holding, "In summary, we do not conclude that the substitution of some period of formal probationary supervision in place of a like term of banishment constitutes an increase in the degree or character of Weaver's punishment that would invoke constitutional concerns of double jeopardy." *Weaver v State*, 856 So. 2d 407, ¶ 19 (Miss. Ct. App. 2003). The Mississippi Supreme Court denied the petition for certiorari on October 9, 2003. Weaver now brings the same issue and argument to the federal courts.

In considering these challenges the undersigned has considered the limited scope of the federal court's review, given that these claims have already been rejected by the Mississippi Supreme Court. 28 U.S.C. § 2254(d) provides:

> (D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Since any factual findings of the state appellate courts are presumed correct, the burden is upon the petitioner to prove by clear and convincing evidence any factual errors. 28 U.S.C. §2254(e)(1).

The court of appeal's decision that substitution of a five year period of supervised probation for a five year period of banishment is not an enhancement of sentence is not an unreasonable finding. The result of the appeals has actually been that Weaver has gone from suffering an illegal banishment of fifteen years to a legal five year period of supervised probation, a clear lessening of his sentence. The initial punishment has been changed at Weaver's urging and appropriately set aside. Once the sentence was set aside for illegality, imposition of a new and lawful sentence was appropriate. Here the sentence is different from the maximum legal banishment, but not clearly more harsh. This is not a second punishment or an increased punishment. With neither an increased or second punishment, there is no factual basis for asserting a Double Jeopardy violation. On this basis alone, the petition should be dismissed with prejudice.

Even accepting arguendo Weaver's position that the supervised probation is an increased punishment, the change in the sentence does not offend the Double Jeopardy Clause. The argument that Weaver attempts to make is undermined by the holding of the United States Supreme Court in *United States v DiFrancesco,* 449 U.S. 117, 101 S. Ct. 426, 66 L. Ed. 328(1980). In *DiFrancesco* the government had appealed a 'dangerous offender' sentence under the Organized Crime Control Act of 1970 that it considered too light. The court of appeals had rejected the government's right to appeal finding it "'inescapable,' that 'to subject a defendant to the risk of substitution of a greater sentence, upon an appeal by the government is to place him a second time 'in jeopardy of life or limb.'" *Id*. at 126, 101 S. Ct. at 431, quoting from 604 F. 2d 769, 783(2nd Cir. 1979). The Supreme Court disagreed. It upheld the statute providing the government with the power to appeal the sentence against the double jeopardy challenge.

The primary design of the Double Jeopardy Clause is to protect citizens from the "hazards of trial and possible conviction more than once for an alleged offense...." *Id.* at 127, 101 S. Ct. at 432, quoting from *Green v United States,* 355 U. S.184, 187-188, 78 S. Ct.221, 223, 2 L. Ed 2d 199(1957). "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to the embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Id.* The Double Jeopardy Clause functions to "preserve the finality of judgments,"*Id.* citing *Crist v Bretz,* 437 U. S.28, 33, 98 S. Ct. 2156, 2159, 57 L. Ed 2d 24 (1978) or the "integrity of judgments," *Id.* citing *United States v Scott*, 437 U. S. 82, 92, 98 S. Ct. 2187, 2194, 57 L. Ed. 2d 65 (1978). The Double Jeopardy Clause "protects against a second prosecution after acquittal. It protects against a second prosecution for the same offense after a conviction. And it protects against multiple punishments for the same offense." *Id.* at 128 101 S. Ct. at 433, quoting from *North Carolina v Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed. 655(1969).

In fulfilling its function the Double Jeopardy Clause treats acquittals as sacrosanct. An acquittal is absolutely final, "no matter how erroneous." *Id.* at 130, 101 S. Ct. at 433, quoting from *Burks v United States*, 437 U. S. 1, 16, 98 S. Ct. 2141, 2149, 57 L. Ed.2d 1(1978). The Supreme Court in *DiFrancesco* found that the question to be answered was, "whether a criminal sentence, once pronounced, is to be accorded constitutional finality and conclusiveness similar to that which attaches to a jury's verdict of acquittal." *Id.* at 132, 101 S. Ct. 435. Their answer was "[N]either the history of sentencing practices, nor the pertinent rulings of this Court, nor even consideration of

double jeopardy policy support such an equation." *Id.* The Court expressly rejected the argument that the imposition of a sentence amounts to an acquittal of any greater sentence. *Id.* at 133, 101 S. Ct. at 435. The Court found that the Double Jeopardy Clause "does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *Id.* at 137, 110 S. Ct. 437. The Court stated, "**[T]he Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase**." *Id.* at 137, 110 U. S. at 43. (Emphasis added).

If the Double Jeopardy Clause does not assist DiFrancesco, *a fortiorari* Weaver has no claim. In *DiFrancesco* the government appealed a sentence that they felt was too lenient. In Weaver's case the 'appeal' was his. In *DiFrancesco* the initial sentence was a legal sentence and the appeal for the express purpose of increasing the sentence. In Weaver's case the banishment was at least of illegal duration. Since a defendant who succeeds in getting his initial conviction set aside, may be retried without offending the Double Jeopardy Clause, *North Carolina v Pearce,* 395 U.S. at 720, 89 S. Ct. at 2078, Weaver having succeeded in getting his initial erroneous sentence set aside, may likewise be resentenced. "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner" *Bozza v United States,* 330 US. 160, 166, 167, 67 S. Ct. 645, 648-649, 91 L. Ed. 818(1947) or an automatic reduction in sentence. Clearly where as here, the state errs in imposing an improper sentence, the defendant is entitled to have the error corrected, and the state is entitled to correct the error substituting a proper sentence. To paraphrase the Supreme Court, "[T]o require a criminal defendant to... [face sentencing] again after he has successfully invoked his statutory right of appeal to upset his first ...[sentence] is not an act of governmental oppression of the sort against which the Double Jeopardy

Clause was intended to protect." *United States v. Scott*, 437 U. S. at 91, 98 S. Ct. at 2193. The undersigned recommends that the petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 27th day of September, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE